Whaley, Judge,
delivered the opinion of the court:
The issue presented in this case arises on a demurrer by the defendant that the allegations of the petition show that the plaintiff has stated no cause of action within the jurisdiction of the court.
The petition alleges that the George Rogers Clark Sesquicentennial Commission is a duly constituted administrative agency or establishment of the Government with authority to enter into contracts with respect to the George Rogers Clark Memorial; that in 1933 the Congress of the United States passed the National Industrial Recovery Act which became a law on June 16, 1933 (48 Stat. 195); that on July 11, 1933, plaintiff, in pursuance of an invitation for bids, dated June 29, 1933, submitted to the George Rogers Clark Sesquicentennial Commission a bid for the fabrication and erection of the bronze and glass ceiling sash in the George Rogers Clark Memorial in the city of Vincennes, Indiana, in the sum of $13,390.00; and at the time the bid was submitted plaintiff deposited a certified check with the Commission for $1,600, as required by the invitation to bid. Plaintiff further alleges that the bid so submitted was based upon the costs of labor and material before and prior to June 16, 1933; and that, upon information and belief, its offer was accepted prior to August 10,1933.
In its seventh allegation, however, plaintiff alleges that on August II, 1933, it received from the Commission a notice .in writing dated August 14, 1933, that its bid had been accepted, and that by letter dated August 19, 1933, plaintiff advised the Commission that, because of the National Industrial Recovery Act having been enacted, the costs' to plaintiff had been and would be increased, and endeavored to with *614 draw its bid as made to the defendant and stated that the price would be increased fifteen percent.
Plaintiff further alleges that the Commission advised it that the bid could not be withdrawn or the prices increased and that, for the failure to comply, the deposit made by it would be forfeited, but that the Commission would endeavor to reimburse plaintiff for such additional cost; that on August 30, 1933, plaintiff was advised to proceed with the work as called for by its accepted bid; that plaintiff relied upon the assurance of the Commission for reimbursement of the additional costs for labor and material occasioned by the enactment of the National Industrial Recovery Act, and in order to avoid the loss of its deposit, and under duress and compulsion, entered upon, the performance of the contract; and thereafter on November 13, 1933, while engaged in the work, plaintiff and defendant executed a contract, number GRC-30, which enveloped the work contemplated.
The petition shows the performance of the work and its completion at an increased cost of $1,214.72; plaintiff’s filing of a formal claim within the time required with the Comptroller General, and the rejection of the claim on the ground that the contract was entered into during the period provided for in the act of June 25, 1938, 52 Stat. 1197, which provides as follows:
Be it enacted by the Senate and House of Representatives of the United States of America, in Congress assembled, That jurisdiction is hereby conferred upon the Court of Claims to hear, determine, and enter judgments against the United States upon the claims of contractors, including completing sureties and all subcontractors and materialmen performing work or furnishing material to the contractor or another subcontractor, whose contracts were entered into on or before August 10, 1933, for increased costs incurred as a result of the enactment of the National Industrial Recovery Act: Provided, That (except as to claims for increased costs incurred between June 16, 1933, and August 10, 1933) this section shall apply only to such contractors, including completing sureties and all subcontractors and ma-terialmen, whose claims were presented within the limitation period defined in section 4 of the Act of June 16,1934 (41 U. S. C. Sec. 28-33).
*615 The sole question in this case arises as to the time when the bid of the plaintiff was accepted by the Commission.
The act of June 25, 1938, provides for only those contracts entered into before August 10,1933, for increased cost incurred as a result of the enactment of the National Industrial Recovery Act. The facts show that plaintiff made its bid on July 11, 1933, which was 25 days after the passage of the National Industrial Recovery Act and the Commission accepted the bid in writing by letter on the" 14th of August, 1933, which was four days after the date fixed in the act as the limit for which recovery could be had. It is true that the plaintiff alleges on information and belief that the bid was accepted prior to the limit fixed in the act but there is an allegation in the petition that plaintiff received a letter on August 17, 1933, which was dated August 14th, in which the Commission accepted the offer of the plaintiff to its advertisement for bids. It will be assumed that, when a letter is dated on the 14th, it was mailed on that day or at a subsequent date, but, at any rate, it was received by the plaintiff on the 17th. It was at the time the letter was posted that the minds of the parties met and the contract was entered into. The mere fact that a formal contract was executed later on does not alter the fact that the plaintiff’s and defendant’s minds met as to the terms of the contract at the time of the acceptance by the Commission by letter of the 14th of August.
In Burton v. United States, 202 U. S. 344, 384, 385, the Supreme Court holds:
It is to be taken as settled law, both in this country and in England, in cases of contracts between parties distant from each other, but communicating in modes recognized in commercial business, that when an offer is made by one person to another, the minds of the parties meet and a contract is to be deemed concluded, when the offer is acepted in reasonable time, either by telegram duly sent in the ordinary way, or by letter duly posted to the proposer, provided either be done before the offer is withdrawn, to the knowledge of or upon notice to the other party.
It will be seen from the petition that, although the National Industrial Recovery Act was passed in June 1933, *616 and the plaintiff submitted its bid on July 11th, 1933, no attempt was made by it to withdraw its bid or to ask for an increase because of the passage of the National Industrial Recovery Act until the 19th of August, 2 days after the receipt by plaintiff of a letter from the Commission accepting its bid as of the 14th of August, 1933.
We are of the opinion that the minds having met when the Commission accepted, in writing, the offer of the plaintiff, which was 4 days after the limit set in the act (August 10, 1933), and this fact showing on the face of the petition the plaintiff is not entitled to bring this cause of action. Plaintiff’s remedy is with the Congress.
The demurrer is sustained and the petition dismissed. It is so ordered.
Williams, Judge,; LittletoN, Judge; GkbeN, Judge; and Booth, Chief Justice, concur.